# IN THE SUPREME COURT OF THE STATE OF NEVADA

LA COSTA LOANS, INC.; ENCORE AMERICAN INVESTMENTS CORPORATION; WILLIAM A. TIMMINS, AN INDIVIDUAL; AND LINDA L. TIMMINS, AN INDIVIDUAL, Appellants,
vs.
VAL GRIGORIAN, AN INDIVIDUAL, Respondent.

No. 76916


FILED

CLERK OF SUPREME COURT
BY_____ CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a real property matter. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellants La Costa Loans, Inc., Encore American Investments Corporation, William A. Timmins, and Linda L. Timmins (collectively, La Costa) are the beneficiaries of a deed of trust that encumbered a property purchased by respondent Val Grigorian at a homeowners' association (HOA) foreclosure sale conducted pursuant to NRS Chapter 116. La Costa filed suit seeking a declaration that it preserved the right of redemption under NRS 116.31166 and that La Costa holds title to the property, free of any claims of Grigorian. After La Costa moved for summary judgment, Grigorian countermoved for summary judgment. The district court denied La Costa's motion but granted summary judgment to Grigorian, finding that La Costa failed to comply with NRS 116.31166's redemption requirements, and thus, title to the property vested in Grigorian. La Costa appeals.

A district court's decision to grant summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* All evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

La Costa argues that the district court erred in concluding that it failed to comply with NRS 116.31166's requirements for redemption. We disagree. NRS 116.31166(3) provides a statutory right of redemption, whereby "any holder of a recorded security interest that is subordinate to the lien on which the unit was sold" "may redeem the property at any time within 60 days after the sale." To exercise this right, the person seeking redemption must satisfy both the payment and notice requirements detailed in NRS 116.31166(3) and (4) within the statute's 60-day time period.

Regarding payment, the person redeeming the property must pay "[t]he purchaser the amount of his or her purchase price, with interest at the rate of 1 percent per month thereon in addition, to the time of redemption, plus" any additional fees, assessments, or taxes paid by the purchaser under certain circumstances. NRS 116.31166(3)(a)(1)-(3). Because the statute's payment requirement encompasses amounts separate from the purchase price and not otherwise publicly disclosed, La Costa argues that it was impossible for it to tender payment without Grigorian supplying that necessary information. As a result, La Costa maintains that the letter it sent to Grigorian detailing its right to redeem the property and requesting that Grigorian respond immediately "to complete the

SUPREME COURT
OF
NEVADA

(O) 1947A

redemption" constituted a valid tender. Alternatively, La Costa argues that no payment was required because Grigorian failed to respond to La Costa, which prevented La Costa from calculating the amount owed. We are unpersuaded by La Costa's arguments.

La Costa did not pay Grigorian *any* amount within 60 days of the foreclosure sale. Because "[v]alid tender requires payment in full," *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018), La Costa's letter requesting that Grigorian respond immediately "to complete the redemption" is not a valid tender. While La Costa accurately states that certain fees, assessments, or taxes paid by the purchaser under specific circumstances enumerated in NRS 116.31166(3)(a)(1)-(3) are not publicly available, La Costa had knowledge of the purchase price and failed to pay that amount plus the one-percent interest per month as required by NRS 116.31166(3)(a). Thus, we conclude that La Costa failed to satisfy the statutory payment requirement.

Regarding notice, the person redeeming the property must serve notice of redemption on both "the person who conducted the sale and on the person from whom the unit is redeemed" within the 60-day time period. NRS 116.31166(4). Where the person redeeming the property is the holder of a recorded security interest, notice must be served together with:

> (1) An original or certified copy of the deed of trust securing the unit or a certified copy of any other recorded security interest of the holder.
>
> (2) A copy of any assignment necessary to establish the claim of the person redeeming the unit, verified by the affidavit of that person, or that person's agent, or of a subscribing witness thereto.
>
> (3) An affidavit by the person redeeming the unit, or that person's agent, showing the amount then actually due on the lien.

NRS 116.31166(4)(b)(1)-(3). La Costa argues that it satisfied the statutory notice requirement because Rich Shrigley, the president of La Costa, stated in an affidavit that "La Costa Loans at all times was ready, willing and able to deliver all documents and tender all monies required for redemption of the property."

However, La Costa did not send any of the required notice documents to Grigorian as the purchaser or to Red Rock Financial Services, Inc., the entity that conducted the foreclosure sale, within 60 days of the foreclosure sale. *See* NRS 116.31166(4)(b). Moreover, La Costa's assertion that Shrigley's affidavit—which was dated over eight months after the expiration of the 60-day deadline—somehow satisfies the statutory notice requirement is without merit and unsupported by law. Furthermore, La Costa did not otherwise substantially comply with NRS 116.31166(4). *See Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180, 188-89, 444 P.3d 428, 435 (2019) (concluding "that substantial compliance with NRS Chapter 116's redemption statute's notice requirement is sufficient"). Unlike the purchaser in *Saticoy Bay*, Grigorian did not receive "all of the benefits of redemption pursuant to NRS 116.31166" because La Costa failed to pay Grigorian the purchase price plus the statutory interest rate or *any* other amount. *Id.* at 189, 444 P.3d at 435-36 (concluding that, despite not receiving a certified copy of the deed, appellant had actual knowledge of the homeowner's "intent to redeem the property" and could not demonstrate prejudice from not having received the deed because it "receiv[ed] all of the benefits of redemption pursuant to NRS 116.31166" when the homeowner paid the purchase price plus the statutory interest rate). Thus, we conclude that La Costa did not satisfy NRS 116.31166(4)'s notice requirements.

(O) 1947A

Because no genuine issue of material fact exists and Grigorian is entitled to judgment as a matter of law, we conclude that the district court did not err in granting summary judgment in favor of Grigorian. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Richard Scotti, District Judge
      Law Offices of Michael F. Bohn, Ltd.
      Greene Infuso, LLP
      Eighth District Court Clerk